Mix v. White.

ISAAC MIX, JR., *v.* JOSEPH L. WHITE.

This court will not set aside a judgment of the marine or a justice's court, taken against the defendant by default, where it does not appear that manifest injustice has been done, and where the defendant shows by affidavit, without swearing to the truth of the matter constituting his defence, merely that he put in an answer, and then mistook the day to which the cause was adjourned.

Whether, under such circumstances, this court will relieve the defendant, under § 366 of the code, upon an affidavit showing the truth and validity of his defence, the defendant having once appeared and answered. *Dub.*

APPEAL by the defendant from a judgment of the marine court. The plaintiff had complained for repairs to a carriage. The defendant answered : 1. That by the terms of his original purchase of the article from the plaintiff, the latter was bound to keep it in good order, which had not been done ; 2. That the repairs were poorly executed ; and 3. The defendant claimed to recoup his damages for the unreasonable detention of the carriage. An adjournment was taken to a future day ; when the plaintiff, in the absence of the defendant, proved his case and took judgment. The defendant appealed, and produced an affidavit of his attorney, showing that he had mistaken the day to which the trial was adjourned.

*K. G. White*, for the appellant.

*James M. Smith, Jr.*, for the respondent.

Andrews v. Thorp.

By the Court.  Daly, J.—Whether we have the power to relieve under the § 366, after the defendant has appeared and answered, where the judgment has been taken by default, through a misapprehension on the part of the defendant, as to the time of adjournment, it is not necessary to decide; but it must appear that manifest injustice has been done.  The defendant must satisfy the court by affidavit, that he had a valid defence, in whole or in part, to the action.  He merely sets up by the affidavit of his attorney, that he put in an answer. This is not sufficient.  He must swear upon this application that the defence so set up was true in fact.  He has not done so, but on the contrary, the respondent swears that the defence set up was without foundation.  Upon the proof, therefore, before us, we are bound to conclude that the judgment was right.

Judgment affirmed.